UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | l | |
| Plaintiff, | l | |
| v. | l | No. 07 CR 799-19 |
| | l | Honorable Ronald A. Guzman |
| | l | |
| MICHAEL MYINT | l | |
| Defendant | l | |

**MICHAEL MYINT'S MOTION TO PRESERVE AGENTS' NOTES**

Michael Myint, defendant herein, through one of his attorneys, Carl P. Clavelli, respectfully submits the following request for an Order directing the preservation for discovery purposes of agents' notes, and states as follows:

1. At the present time the prosecution has been providing each defendant with materials in its possession which are discoverable pursuant to Rule 16, F.R.Cr.P, for use in the preparation of pretrial motions and, ultimately, at trial. At the present time, counsel has received *inter alia* statements attributed to the particular defendant he represents but not other defendants or those witnesses who are not defendants. In addition to statements or other materials discoverable pretrial by Rule, are those other statements and materials which qualify as evidence favorable for use as impeachment under the dictates of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and its progeny, including *United States v. Bagley*, 473 U.S. 667, 682 (1985). At trial, counsel will receive those other witness statements which qualify as such pursuant to 18 U.S.C. §3500.

2. Upon information and belief, this investigation has been extensive and ongoing for several years. Thousands of pages of reports have been prepared but only a small segment of those reports have related to the statements of potential witnesses, particularly known coconspirators. The assigned agents have used a certain note-taking methodology believed to be part of their formal training as law enforcement officers in order to assure accuracy of their final written reports of investigation, including witness statements. These statements are generally reviewed for accuracy but not always for completeness.

3. As an example of the importance of this request to preserve agents' notes pertaining to this defendant is as follows. On August 22, 2006, agents assigned to this investigation interviewed this defendant. A report purporting to memorialize the interview was prepared by the case agent assigned to this matter. It is dated as having been compiled from memory or notes on November 13, 2006, some eighty days after the termination of the interview. This report is twelve pages in length. It is expected that the case agent will be a witness and testify to the contents of this interview. His notes will qualify as witness statements and are producible as Jencks Act material. *United States v. Wables*, 731 F.2d 440, 448-49 (7th Cir. 1984); see also, *United States v. Duval*, 496 F.3d 64, 73 (1st Cir. 2007).

4. The defendant respectfully requests that the notes of other, known witnesses, whether agents or cooperating defendants, be turned over at a time reasonably prior to trial to allow a sufficient period for their review and incorporation into any defense strategy. See, e.g., *Leka v. Portuonda*, 257 F.3d 89, 100 (2nd cir. 2001). Notes of the

interview of this defendant, however, should be governed by Rule 16 and be immediately available to this defendant as the notes are memoranda of his statement.

WHEREFORE, for the above and foregoing reasons, Michael Myint, defendant herein, moves for the entry of an Order preserving notes of interviews.

Respectfully submitted,

/S/ Carl P. Clavelli
Carl P. Clavelli
321 S. Plymouth Court Suite 1500
Chicago, IL  60604
Attorney for Michael Myint
(312) 922-5460